# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHOENICIAN MEDITERRANEAN VILLA, LLC, ) ) | CIVIL ACTION NO. 3:15-268 |
| Appellant, ) ) | |
| ) | JUDGE KIM R. GIBSON |
| v. ) ) | |
| LISA M. SWOPE, JAMES FOCHT, and J&S PROPERTIES, LLC, ) ) ) | |
| Appellees. ) | |

## **MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

This matter comes before the Court on Appellant's Notice of Appeal of the Bankruptcy Court's October 5, 2015, memorandum opinion (ECF No. 1-3) and order (ECF No. 1-2) granting a motion to dismiss the complaint against Trustee Lisa M. Swope individually. Appellant appealed the Bankruptcy Court's decision on October 15, 2015, (ECF No. 1), and filed a brief and an appendix in support of its appeal on December 27, 2015, (ECF Nos. 4, 5, 6). Trustee Swope filed her brief in opposition to Appellant's appeal on January 26, 2016, (ECF No. 8). Trustee Swope filed an amicus brief on February 2, 2016, (ECF No. 13), to which Appellant replied on February 9, 2016, (ECF No. 14). For the reasons set forth below, this Court will deny Appellant's appeal and will affirm the Bankruptcy Court's decision granting the motion to dismiss the complaint against Trustee Swope.

## II. JURISDICTION

This Court has jurisdiction to hear appeals from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a), which provides:

> The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a). The appeal in this case is taken from the decision rendered by the Bankruptcy Court of the Western District of Pennsylvania. This Court therefore has jurisdiction to hear the appeal from the Bankruptcy Court's decision. *See In re Michael*, 699 F.3d 305, 308 n.2 (3d Cir. 2012) ("[A] district court sits as an appellate court to review a bankruptcy court."); *see also In re Professional Management*, 285 F.3d 268 (3d Cir. 2002) (a district court's jurisdiction is proper as to an appeal of the final order of the bankruptcy court under 28 U.S.C. §158(a)).

## III. BACKGROUND

### A. Factual Background

The Court adopts the facts as set forth in the Bankruptcy Court's October 5, 2015, memorandum opinion. (*See* ECF No. 1-3.) After J&S Properties, LLC filed a Chapter 7 bankruptcy petition on July 10, 2013, Trustee Swope was appointed as the Chapter 7 Trustee. (*Id.* at 2.) From July 10, 2013, through at least January 15, 2014, Appellant was in possession of its leasehold located at 1302-08 Logan Boulevard, Altoona, Pennsylvania ("the Estate

Property"). (*Id.* at 2-3.) Through a court order dated November 5, 2013, Trustee Swope rejected the lease agreement because she desired to sell the Estate Property. (*Id.* at 3.) Until the order was issued, Appellant refused to cooperate with the Trustee Swope's attempts to place a "for sale" sign to market the sale of the Estate Property to the general public. (*Id.*)

Through its principal, Husam Obeid, Appellant indicated that it was interested in purchasing the Estate Property at a price that Trustee Swope believed was below its market value. (*Id.*) Appellant also wished to remove items of personal property from the leasehold. (*Id.*) Trustee Swope objected because the Bankruptcy Court had not yet made findings regarding the ownership of the assets. (*Id.* at 4.)

At a January 24, 2014, hearing regarding Appellant's request for injunctive relief, Trustee Swope testified that Mr. Focht had informed her that the restaurant was shut down and that he was concerned about the heat at the premises. (*Id.*) Mr. Focht also notified Trustee Swope that insurance had been cancelled at the premises. (*Id.*) Trustee Swope met with Mr. Obeid, Mr. Obeid's counsel, and a contractor invited by Mr. Focht at the premises on January 3, 2014, so that the Estate Property could be adequately preserved during a forecasted artic blast. (*Id.*) Trustee Swope testified that Mr. Obeid did not dispute that he was considering closing his business, buying the building, or purchasing other property to house his restaurant. (*Id.*) Although the Bankruptcy Court had not yet reached a decision regarding the ownership of the assets, Mr. Obeid was adamant that all of the property inside the premises belonged to him. (*Id.* at 4-5.)

3

During this time, Trustee Swope did not have a key to the premises. (*Id.* at 5.) In addition, Mr. Focht and Mr. Obeid did not trust each other. (*Id.*) Because Mr. Obeid was concerned that Mr. Focht would take his property, he requested that Mr. Focht not have access to the premises. (*Id.*) Mr. Focht had taken action to make business operations difficult for Appellant. (*Id.*) For example, Mr. Focht, who owned a neighboring building and adjacent parking lot, placed concrete barriers in the adjacent parking lot. (*Id.*) Trustee Swope felt that she needed to protect the bankruptcy estate's largest asset but was in the middle of Mr. Focht and Mr. Obeid's dispute. (*Id.*)

At the January 3, 2014, meeting, Mr. Obeid provided Trustee Swope with a key to the premises, and the contractor suggested that the temperature be set at sixty degrees Fahrenheit to prevent the pipes from freezing. (*Id.*) Despite the contractor's suggestion, Mr. Obeid set the thermostat at some temperature less than sixty degrees Fahrenheit. (*Id.* at 6.) By January 13, 2014, the Estate Property was flooded when the pipes burst. (*Id.*) After the flood, Mr. Obeid contacted a disaster restoration company, ServiceMaster. (*Id.*) ServiceMaster refused to remediate the premises because there were problems with insurance coverage, the relationship between the parties was acrimonious, and no one agreed to provide the company with a lien on the Estate Property for coverage of any unpaid fees. (*Id.*)

Trustee Swope requested that the parties meet at the premises on January 15, 2014, to assess the situation and to determine the status of insurance. (*Id.*) Mr. Obeid and his counsel

did not appear at the meeting.  (*Id.*)  Through his counsel, Mr. Obeid requested that the meeting be rescheduled and stated that he did not want Mr. Focht on the premises because he believed that Mr. Focht would take his property.  (*Id.*)  Trustee Swope declined Mr. Obeid's request to reschedule the meeting and attempted to inspect the premises.  (*Id.* at 7.)  However, Trustee Swope was unable to access the premises because an interior door was locked, and Mr. Obeid had not provided her with a key to this additional door.  (*Id.*)  Mr. Focht had the locks changed and provided Trustee Swope with the key.  (*Id.*)

Trustee Swope maintained control of the premises and only provided parties-in-interest with supervised access to the property while it was being remediated and while disputes regarding the ownership of personal property were resolved.  (*Id.*)  Because the locks were changed and Trustee Swope possessed the sole key, Appellant has claimed that it was wrongfully evicted from its leasehold.  (*Id.* at 2, 7.)  On April 7, 2015, Trustee Swope filed a motion to dismiss the complaint against her, seeking to have the complaint dismissed on the grounds of quasi-judicial immunity.  (*Id.* at 8.)  The Bankruptcy Court took judicial notice of the evidentiary record made at several hearings before it and permitted the parties to file supplemental briefs and affidavits.  (*Id.*)

### B.  The Bankruptcy Court's Decision

The Bankruptcy Court first clarified that the *Barton* doctrine, established by the Supreme Court in *Barton v. Barbour*, 104 U.S. 126, 128 (1881), and 28 U.S.C. § 959(a) were inapplicable.  (*Id.* at 10.)  After summarizing the *Barton* doctrine and 28 U.S.C. § 959(a), the

Bankruptcy Court found that Appellant had incorrectly characterized Trustee Swope's activities as carrying on business connected with the bankruptcy estate. (*Id.* at 11-13.) Specifically, the Bankruptcy Court explained that 28 U.S.C. § 959(a) is inapplicable when a bankruptcy trustee acts in his or her official capacity and conducts no business connected with the property other than to perform administrative tasks related to the consolidation, preservation, and liquidation of assets in the debtor's estate. (*Id.* at 13-14.) The Bankruptcy Court found that Trustee Swope was not conducting any business connected with the property. (*Id.* at 14.) After noting that the *Barton* doctrine presents jurisdictional questions and requires courts to determine where, not whether, a trustee may be sued, the Bankruptcy Court reiterated its previous holding that the *Barton* doctrine is inapplicable to this matter because Appellant was not seeking approval to proceed in another forum. (*Id.* at 14-16.)

In analyzing whether Appellant's claims of wrongful eviction were subject to the doctrine of qualified immunity, the Bankruptcy Court explained that, pursuant to *Antoine v. Byers & Anderson*, 508 U.S. 429 (1993), it must: (1) examine the immunity historically accorded to the relevant official at common law and the interests behind it; and (2) determine whether the official's judgments involve the exercise of a discretionary judgment and are therefore "'functionally comparable'" to those of judges. (*Id.* at 20 (quoting *Antoine*, 508 U.S. at 436).) Relying upon *Curry v. Castillo*, 297 F.3d 940 (9th Cir. 2002), the Bankruptcy Court provided an overview of the application of the first prong, stating that bankruptcy trustees are entrusted with administrative and adjudicatory functions and that immunity is

6

warranted to the extent that a trustee performs the functions of a bankruptcy judge. (*Id.* at 21-23.) The Bankruptcy Court found compelling the Ninth Circuit's characterization of a trustee as "the 'watchdog' of the bankruptcy system, charged with preventing fraud and abuse and with 'filling the vacuum' caused by possible creditor inactivity" because the trustee "operates pursuant to legislative and judicial directives" and "performs a wide variety of functions previously performed by bankruptcy judges." (*Id.* at 23 (quoting *Curry*, 297 F.3d at 950).) After finding that there have been no significant changes in a trustee's statutory duties, the Bankruptcy Court concluded that Trustee Swope satisfied the first prong of *Antoine*. (*Id.* at 24.)

In applying the second prong of *Antoine*, the Bankruptcy Court noted that the statutory duties of a trustee, which are enumerated in 11 U.S.C. §§ 704, 1302, 1304, include: (1) gathering and liquidating the property of the estate; (2) being held accountable for the estate; (3) ensuring that the debtor performs his or her obligations; (4) investigating the finances of the debtor; (5) reviewing the proofs of claim; (6) opposing the debtor's discharge, where appropriate; (7) providing information to the parties-in-interest; (8) operating, by court order, the business on a short term basis; and (9) preparing the final report and an accounting for the administration of the estate. (*Id.* (citing *Castillo*, 297 F.3d at 950-51).) Because the second prong of *Antoine* can be read to establish that "'quasi-judicial immunity attaches to only those functions essential to the authoritative adjudication of private rights to the bankruptcy estate,'" the Bankruptcy Court noted that a court must examine the

7

particular function at issue before it. (*Id.* at 25 (quoting *Castillo*, 297 F.3d at 951)).) Specifically, a court must focus on the "'ultimate act,'" rather than on its constituent parts, in determining whether a function is judicial in nature. (*Id.* at 26 (quoting *Castillo*, 297 F.3d at 952)).) The Bankruptcy Court reviewed the decisions of several jurisdictions and noted that a trustee is generally afforded absolute immunity when acting pursuant to a court order. (*Id.*) When a trustee is not acting pursuant to a court order, the trustee is generally afforded qualified immunity. (*Id.* at 27.)

In applying the law to the instant matter, the Bankruptcy Court first concluded that Trustee Swope was not entitled to absolute immunity because the locks to the Estate Property were not changed pursuant to a court order. (*Id.*) The Bankruptcy Court then noted that Trustee Swope is a fiduciary for the debtor, the shareholders, and the creditors, not for Appellant. (*Id.* at 28.) Therefore, in the context of third-party claims, a trustee may be sued in his or her capacity for wrongful acts that are *ultra vires*, or acts that exceed the scope of his or her authority. (*Id.* at 29.)

The Bankruptcy Court reviewed two cases presented by Appellant in support of its argument that Trustee Swope's conduct was wrongful and *ultra vires*: *Teton Millwork Sales v. Schlossberg*, 311 Fed. Appx. 145 (10th Cir. 2009), and *Leonard v. Vrooman*, 383 F.2d 556 (9th Cir. 1967). (*Id.* at 29-42.) After providing a detailed factual summary of *Teton Millwork Sales*, the Bankruptcy Court concluded that it was inapplicable. (*Id.* at 30-37.) The Bankruptcy Court first noted that the issue decided by the Tenth Circuit was whether the plaintiff had set forth

8

a facially plausible claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), that the defendant was not entitled to absolute immunity. (*Id.* at 32.) In reversing the trial court's dismissal of the complaint, the Tenth Circuit concluded that the plaintiff had adequately pled facts sufficient to establish that it was plausible that the defendant was not entitled to absolute immunity. (*Id.* at 34.) However, the Tenth Circuit declined to resolve the ultimate issue of whether the defendant was entitled to absolute immunity, finding that immunity determinations require fact-specific inquiries. (*Id.* at 34, 35-36.) After noting that Appellant failed to fully address *Teton Millwork Sales*, the Bankruptcy Court explained that on remand, the District Court conducted a bench trial and concluded that the defendant was entitled to immunity. (*Id.* at 35.) The Tenth Circuit affirmed the District Court's decision. (*Id.*)

In applying *Teton Millwork Sales* to the instant matter, the Bankruptcy Court found that there was no credible evidence that Trustee Swope engaged in any fraudulent conduct or acted with malice or any ulterior motive. (*Id.* at 36.) Because there was no dispute that Trustee Swope's duties included protecting and preserving the Estate Property, the Bankruptcy Court concluded that she was protected by qualified immunity. (*Id.* at 36-37.)

The Bankruptcy Court then provided a detailed factual summary of *Leonard* and found that it was also inapplicable. (*Id.* at 37-42.) The Bankruptcy Court first noted that a jurisdictional question was presented in *Leonard* because the building possessed by the defendant was not estate property. (*Id.* at 39, 42.) Here, Appellant did not raise any jurisdictional questions because there was no dispute that the building was an asset of the

9

estate. (*Id.* at 42.) Moreover, ownership at all times was vested in Trustee Swope. (*Id.*) Thus, unlike the plaintiff in *Leonard* who was a third-party owner of the building at issue, Appellant was merely a lessee. (*Id.*) Finally, the Bankruptcy Court noted that there was an absence of exigent circumstances in *Leonard*, whereas the exigency of the circumstances that Trustee Swope confronted was undisputed. (*Id.*)

After noting the dearth of case law on point with the facts of the instant matter, the Bankruptcy Court discussed *Wells Fargo Financial Leasing, Inc. v. Jones*, No. 5:13-CV-75, 2015 U.S. Dist. LEXIS 37572 (W.D. Ky. Mar. 25, 2015). (*Id.* at 42-49.) In *Jones*, an additional defendant changed the locks to property without giving notice to the intervening plaintiff and permitted others to remove property that belonged to the intervening plaintiff. (*Id.* at 43-44.) The District Court concluded that the additional defendant was acting as an agent of the trustees to assist in their duties to collect and preserve the assets of the bankruptcy estate. (*Id.* at 48.) Because the claims asserted against the additional defendant were essentially claims against the trustees, the District Court held that, pursuant to the *Barton* doctrine, it lacked jurisdiction over them. (*Id.*)

Following its review of *Jones*, the Bankruptcy Court emphasized that the District Court did not examine whether the changing of the locks, which the intervening plaintiff alleged to be wrongful, warranted an *ultra vires* inquiry. (*Id.* at 48-49.) The Bankruptcy Court stated, "It was obvious to the District Court, just as it is obvious to this Court, that a Chapter 7 Trustee has a duty to secure and preserve estate assets, including changing the

locks to a building when circumstances warrant." (*Id.* at 49.) The Bankruptcy Court concluded that even if it provided "a most generous interpretation" to Appellant's allegation that Mr. Focht changed the lock "in conspiracy" with Trustee Swope, this conduct was not *ultra vires* because it was "done in the context of permitting [Trustee] Swope to access and oversee the property in fulfillment of her duties as a Chapter 7 Trustee." (*Id.*) Because Trustee Swope acted in furtherance of her statutory duty to administer and preserve the estate, without violating any fiduciary duties owed to a beneficiary of the estate and without any malice or ulterior motives, the Bankruptcy Court held that Trustee Swope acted as a reasonable Chapter 7 trustee would act under the circumstances and was therefore entitled to qualified immunity. (*Id.* at 49-50.)

## IV. STANDARD OF REVIEW

This Court may exercise appellate jurisdiction over final judgments, orders, and decrees entered by bankruptcy courts. 28 U.S.C. § 158(a)(1). In reviewing a bankruptcy court's decision, a district court must apply several standards of review. First, a bankruptcy court's factual findings are reviewed for clear error and its exercise of discretion for abuse thereof. *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998). A factual finding is "clearly erroneous" if the reviewing court is "left with a definite and firm conviction that a mistake has been committed." *In re W.R. Grace & Co.*, 729 F.3d 311, 319 n.14 (3d Cir. 2013) (internal quotations omitted). Under the clearly erroneous standard, "it is the responsibility of an appellate court to accept the ultimate factual determination of the fact-finder unless

that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *Coalition to Save Our Children v. State Bd. of Educ.*, 90 F.3d 752, 759 (3d Cir. 1996) (internal quotations omitted).

Second, a bankruptcy court's legal determinations are reviewed de novo. *See In re Ruitenberg*, 745 F.3d 647, 650 (3d Cir. 2014); *see also Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). Third, mixed questions of fact and law must be differentiated and reviewed under the appropriate standard for each component. *See In re Montgomery Ward Holding Corp.*, 326 F.3d 383, 387 (3d Cir. 2003). Fourth, a bankruptcy court's exercise of discretion must be reviewed for abuse. *In re Friedman's Inc.*, 738 F.3d 547, 552 (3d Cir. 2013). A bankruptcy court abuses its discretion when its ruling rests upon an error of law or a misapplication of law to the facts. *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

## V. ANALYSIS

### A. The Bankruptcy Court's Factual Findings

As noted above, the Court cannot disturb the factual findings of the Bankruptcy Court unless they are "clearly erroneous." *In re W.R. Grace & Co.*, 729 F.3d at 319 n.14. The Bankruptcy Court, after recognizing that some facts were disputed between the parties, only made factual findings regarding matters that were "generally not in dispute." (*See* [ECF No. 1-3 at 3-7.](#)) The Court has conducted its own independent review, and the documents

12

attached to Appellant's appeal confirm the facts set forth by the Bankruptcy Court. (*See* [ECF Nos. 1](#), [2](#), [3](#)). The Court therefore cannot conclude that the Bankruptcy Court's factual findings are "completely devoid of minimum evidentiary support displaying some hue of credibility" or "bear[] no rational relationship to the supportive evidentiary data." *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000). Accordingly, the Court may not disturb the Bankruptcy Court's factual findings.

### B. The Bankruptcy Court's Legal Conclusions

As discussed above, this Court exercises plenary, or de novo, review over any legal conclusions reached by the Bankruptcy Court. *In re Ruitenberg*, 745 F.3d at 650 (3d Cir. 2014); *Am. Flint Glass Workers Union*, 197 F.3d at 80. The Court must "exercise plenary review of the court's interpretation and application of [the] facts to legal precepts." *In re Nortel Networks, Inc.*, 669 F.3d 128, 137 (3d Cir. 2011).

In its brief in support of its appeal, Appellant argues that Trustee Swope violated its rights under the Fourth and Fourteenth Amendments to be free from unreasonable seizures by entering its business premises and by taking control and possession of its property. ([ECF No. 4 at 21.](#)) Appellant contends that the Fourth Amendment is applicable to Chapter 7 Trustees because they are appointed and supervised by the United States Trustee, an official of the Department of Justice, and because they are officers of the appointing court. (*[Id.](#)*) Appellant further asserts the Due Process Clause protects its interest in its restaurant and the contents thereof. (*[Id.](#) at 22.*) Appellant argues that Trustee Swope is not entitled to qualified

13

immunity because she violated its clearly established rights and because a reasonable Chapter 7 Trustee would have believed that evicting Appellant from the restaurant without a court order violated its Fourth Amendment rights and deprived it of procedural due process. (*Id.* at 22-23.) Asserting that Trustee Swope is not entitled to qualified immunity and that self-help evictions have been outlawed, Appellant maintains that the Bankruptcy Court erred and misapplied the law in dismissing its complaint. (*Id.* at 24-25.)

In response, Trustee Swope asserts that the Bankruptcy Court conducted a well-reasoned, thorough examination of her entitlement to qualified immunity as applied to jurisdictional issues under the *Barton* doctrine and as applied to Appellant's substantive claims. (ECF No. 8 at 16-18.) Trustee Swope distinguishes the cases upon which Appellant relies in its appeal and provides additional case law for the Court's consideration. (*Id.* at 18-22.) Contending that there is no evidence that she engaged in intentional, egregious misconduct, Trustee Swope requests that the Court deny Appellant's appeal. (*Id.* at 22-23.)

A collection of forty-two Chapter 7 Bankruptcy Trustees who operate in various parts of the Third Circuit filed an *amicus curiae* brief in support of Trustee Swope. (ECF No. 13 at 5-6.) After noting that the outcome of this case has the potential to affect how they operate and oversee bankruptcy estates in the future, the trustees argue that the *Barton* doctrine is inapplicable because Appellant's action was not filed in a forum separate from the Bankruptcy Court, which was overseeing the estate. (*Id.* at 6-7, 10-12.) The trustees contend that Trustee Swope is entitled to qualified immunity because matters involving business

14

judgment were within her discretion. (*Id.* at 13.) In support of their argument that Trustee Swope did not violate Appellant's statutory or constitutional rights, the trustees assert that Appellant has failed to allege that Trustee Swope acted maliciously and distinguish the cases upon which Appellant relies in its appeal. (*Id.* at 14-16.) Because Trustee Swope acted diligently, prudently, and reasonably to ensure that the water damage to the Estate Property was repaired, the trustees request that Appellant's appeal be denied. (*Id.* at 17-18.)

In response to the Chapter 7 Bankruptcy Trustees, Appellant argues that Trustee Swope, as a reasonably competent official, should have known that Pennsylvania law prohibits the eviction of any tenant without due process of law. (ECF No. 14 at 6-9.) Appellant further asserts that Trustee Swope is not entitled to qualified immunity because she forcibly evicted it by refusing to provide keys to the premises. (*Id.* at 10-11.) Because the Bankruptcy Court's decision was contrary to law providing that self-help evictions are illegal, Appellant argues that it abused its discretion. (*Id.* at 11-12.)

Having conducted a de novo review of the law, the Court concludes that the Bankruptcy Court did not err in granting Trustee Swope's motion to dismiss. The Court first finds that neither 28 U.S.C. § 959(a) nor the *Barton* doctrine apply to this matter. Pursuant to 28 U.S.C. § 959(a), trustees and managers of property may be sued "with respect to any of their acts or transactions in carrying on business connected with such property." 28 U.S.C. § 959(a). The undisputed facts establish that Trustee Swope was not carrying on business connected with the Estate Property because, in exercising her duties as a trustee, she merely

15

performed tasks that were incident to the consolidation, preservation, and liquidation of assets in the Estate Property. *See, e.g.*, *In re VistaCare Group, LLC*, 678 F.3d 218, 227 (3d Cir. 2012) ("[W]here a trustee acting in his official capacity conducts no business connected with the property other than to perform administrative tasks necessarily incident to the consolidation, preservation, and liquidation of assets in the debtor's estate, § 959(a) does not apply.") (internal quotations omitted); *Access for the Disabled, Inc. v. HIPA Assocs., LLC*, No. 2:10-CV-50, 2011 U.S. Dist. LEXIS 49892, at *9 (W.D. Pa. May 10, 2011) (holding that 28 U.S.C. § 959(a) was inapplicable because it "contemplates actions redressing torts committed in furtherance of the debtor's business") (internal quotations omitted). Similarly, the *Barton* doctrine is inapplicable to this matter because Appellant was not seeking approval to proceed in another forum. *See, e.g.*, *Bender v. Hargrave*, No. 15-CV-6936, 2015 U.S. Dist. LEXIS 159198, at *9 (D.N.J. Nov. 25, 2015) (finding that the *Barton* doctrine was inapplicable because the plaintiffs had not sought leave to sue the bankruptcy trustee in another court).

The Court next concludes that the Bankruptcy Court's analysis of Trustee Swope's motion to dismiss is entirely consistent with this Court's own application of the law. Appellant has failed to identify any authority establishing that a trustee is not entitled to immunity. Therefore, in accordance with *Antoine*, 508 U.S. 429, and *Curry*, 297 F.3d 940, the Court finds that immunity is historically accorded to trustees. Because Trustee Swope did not act pursuant to a court order, she is entitled to qualified immunity rather than absolute immunity.

Having reviewed the parties' briefs, the records of the Bankruptcy Court, and the applicable case law, the Court cannot conclude that Trustee Swope's conduct was wrongful and *ultra vires*. There is no credible evidence that Trustee Swope engaged in any fraudulent conduct or acted with malice or any ulterior motive. Rather, Trustee Swope, in accordance with her duties as the trustee, took appropriate action to administer and preserve the Estate Property. The Court finds Appellant's reliance upon *Berman v. Philadelphia*, 228 A.2d 189 (Pa. 1967), to support its argument that self-help evictions are illegal unpersuasive because the qualified immunity of a trustee was not at issue. (*See* [ECF No. 14 at 12.](#)) Moreover, having reviewed *Jones* as factually similar to the instant matter, the Court agrees with the Bankruptcy Court's conclusion that "[i]t was obvious to the District Court, just as it is obvious to this Court, that a Chapter 7 Trustee has a duty to secure and preserve estate assets, including changing the locks to a building when circumstances warrant." ([ECF No. 1-3 at 49.](#)) The Court will therefore affirm the Bankruptcy Court's decision granting the motion to dismiss the complaint against Trustee Swope.

### C. The Bankruptcy Court's Exercise of Discretion

Finally, the Court reviews a bankruptcy court's exercise of discretion for abuse. *In re Friedman's Inc.*, 738 F.3d at 552. A bankruptcy court abuses its discretion when its ruling rests upon an error of law or a misapplication of law to the facts. *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d at 122. Because the Court concurs with the Bankruptcy Court's application of the relevant law to Trustee Swope's motion to dismiss, no error of law or misapplication of

17

the law to the facts is present in the Bankruptcy Court's decision. Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion.

**VI.    CONCLUSION**

For the foregoing reasons, the Court will deny Appellant's appeal and will affirm the decision of the Bankruptcy Court, as memorialized in *In re J&S Properties, LLC*, Bankruptcy No. 13-70512-JAD (Bankr. W.D. Pa. Oct. 5, 2015)/*Phoenician Mediterranean Villa, LLC v. Lisa M. Swope, Trustee of the Bankruptcy Estate of J&S Properties, LLC, James Focht, and J&S Properties, LLC*, Adversary No. 14-07004-JAD (Bankr. W.D. Pa. Oct. 5, 2015).  ([ECF No. 1-3.](#))

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHOENICIAN MEDITERRANEAN VILLA, LLC, | ) ) ) | CIVIL ACTION NO. 3:15-268 |
| Appellant, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| LISA M. SWOPE, JAMES FOCHT, and J&S PROPERTIES, LLC, | ) ) ) | |
| Appellees. | ) | |

## ORDER

**AND NOW**, this 27th day of July, 2016, upon consideration of Appellant's appeal, the records of the Bankruptcy Court, and the parties' briefing, **IT IS HEREBY ORDERED** that Appellant's appeal is **DENIED**. **IT IS FURTHER ORDERED** that the decision of the Bankruptcy Court, as memorialized in *In re J&S Properties, LLC*, Bankruptcy No. 13-70512-JAD (Bankr. W.D. Pa. Oct. 5, 2015)/*Phoenician Mediterranean Villa, LLC v. Lisa M. Swope, Trustee of the Bankruptcy Estate of J&S Properties, LLC, James Focht, and J&S Properties, LLC*, Adversary No. 14-07004-JAD (Bankr. W.D. Pa. Oct. 5, 2015) is **AFFIRMED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE